1. WILLS—EXPRESS TRUST.
      Where testatrix devised to an executor the management of her estate, with power to sell and convey it, it constitutes an express trust.
2. EXECUTORS—ACCOUNTING—DECREE.
      Where, on judicial settlement of the account of an executor, the decree adjudges that he holds a certain balance in trust for the main beneficiary, it is conclusive as to the existence of the trust, and the manner in which the executor holds the fund.
3. TESTAMENTARY TRUSTEE—APPOINTMENT OF SUCCESSOR.
      Under Code Civ. Proc. § 2818, as amended in 1903, authorizing a surrogate to appoint a successor to the deceased testamentary trustee, exclusive jurisdiction in such cases does not lie with the Supreme Court.

Application in the matter of the estate of Mary Chase for the appointment of a successor to the deceased testamentary trustee. Trustee appointed.

Irwin Esmond, for petitioner.

Alfred A. Guthrie, for surviving executor.

LESTER, S.　Mary Chase departed this life on or about April 7, 1901, having first made her last will and testament, which was duly admitted to probate by the surrogate of the county of Saratoga on the 7th day of September, 1901.　The testatrix provided in her said will, among other things, as follows:

"First. After all my lawful debts are paid and discharged, I give, devise and bequeath to my sister, Elizabeth A. Vandervort, the income of all my real estate, during her life, if she survives me. * * * Seventh. I give, devise and bequeath to one of my executors hereinafter named, George W. Rowley, the management and control of my real estate, with power to sell and convey same as I now possess (after my death)."

The testatrix also provided that after the death of her sister the residue and remainder of her estate should go to her nephews and nieces named in her will, share and share alike.

George W. Rowley assumed the management and control of the real estate mentioned in the will, and exercised the power to sell therein given him, and, pursuant to such power, sold all the real estate of the testatrix, and converted it into money, and has since died.　At the time of his death the net proceeds of the real estate were represented by a bond and mortgage given to him "as executor of the last will of Mary Chase, deceased," and cash deposited to his credit, "as executor of the estate of Mary Chase, deceased," in the first National Bank of Ballston Spa, N. Y.　One of the nieces of the decedent, Mary Chase, who is entitled under the provisions of her will to a share of the residue of her estate after the death of her sister, Elizabeth A. Vandervort, has applied to the surrogate of Saratoga county to appoint a successor to George W. Rowley as testamentary trustee under such will.　The surviving executor of such will, William S. Kertley, of Albany, appears in opposition to this application, and urges several objections, which it is necessary to consider.

1. It is claimed by the surviving executor that no legal trust was created by the will; that the provisions above quoted simply conferred upon George W. Rowley certain special powers and duties, which he was to perform in his capacity as executor, and which now devolve upon the surviving executor.　It seems clear to me that this position of the surviving executor is not justified by a correct interpretation of the will in question, which gave to George W. Rowley an active duty respecting the real estate of which the testatrix died seised.　It bestowed upon him, in express terms, the management and control of the real estate, and gave him the power to dispose of it; and it gave to the sister of the testatrix the right to the income of the real estate during her lifetime.　This provision seems to omit nothing which is required to constitute a trust to receive the rents and profits of the real property of the testatrix, and apply them to the use of her sister during her life, and to appoint George W. Rowley the trustee, and vest in him the legal estate, under the provisions of section 80 of the real property law (Laws

1896, p. 572, c. 547). Prior to the death of George W. Rowley, he filed an account of his proceedings as executor, and presented to the Surrogate's Court his petition for the judicial settlement thereof. William S. Kertley, his co-executor, appeared in person and by Alfred A. Guthrie, his attorney, and such proceedings were had that on the 17th day of February, 1903, a decree was made at a Surrogate's Court held in and for the county of Saratoga on that day, in which, among other things, it was ordered, adjudged, and decreed that the said executor, George W. Rowley, hold and retain the balance remaining in his hands, namely, the sum of $1,166.72, in trust to pay the income of said balance to the said Elizabeth A. Vandervort during her lifetime, and upon her death to pay the legacies mentioned and set forth in the last will of said deceased. If there were any doubts arising from a consideration of the provisions of the will, such doubts would seem to be set at rest by the provisions of this decree. The parties appearing in opposition to the present application were parties to the proceeding in which the decree was made, and no appeal therefrom has been taken. This decree is an adjudication upon the question of the existence of the trust, and the capacity in which the deceased trustee held the fund involved in this application. The income which he collected from the trust estate came into his hands as trustee, and not as executor, and formed no part of the estate over which the executors, as such, had control. Upon his death the trust vested in the Supreme Court, and the surviving executor does not succeed to his authority in respect to the trust estate.

2. It is therefore necessary to appoint a successor, and the next question to be considered is whether the surrogate has power to make such appointment. It was urged by the counsel for the surviving executor, upon the argument, that the surrogate had no such power, but that the authority contained in section 2818 of the Code was repealed by the real property law passed in 1896, which provided that, upon the death of the sole trustee of an express trust, the trust, if unexecuted, should vest in the Supreme Court, and be executed by some person appointed for that purpose, under the direction of the court. It is not necessary to discuss this proposition, in view of the fact that since the passage of the real property law the Legislature of 1903 amended section 2818 of the Code, and re-enacted the provisions authorizing the appointment of a successor, upon the death of a testamentary trustee, by the surrogate.

I therefore hold that the surrogate has power in this case to appoint a successor to George W. Rowley, and, the beneficiary having been brought into court by a citation duly served upon her, it becomes my duty to make such appointment. A decree may therefore be entered appointing William A. Mehan, Esq., of Ballston Spa, N. Y., successor to the said George W. Rowley as trustee of the trust created by the will of the testatrix, upon his filing his official oath, and executing and filing, according to law, a bond in the penal sum of $2,400.

Decreed accordingly.